Shirley GAINES et al., Appellants,

v.

**DOUGHERTY COUNTY BOARD OF ED-
UCATION et al., Appellees.**

No. 20984.

United States Court of Appeals
Fifth Circuit.

March 20, 1964.

See also D.C., 222 F.Supp. 166.

D. L. Hollowell, Atlanta, Ga., C. B. King, Albany, Ga., Constance Baker Motley, Derrick A. Bell, Jr., Norman C. Amaker, New York City, for appellants.

Jesse W. Walters, Albany, Ga., for appellees.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and CARSWELL, District Judge.

TUTTLE, Chief Judge.

The principal issue presented by this appeal from an order of the District Court approving a plan offered by the Dougherty County Board of Education to make a start towards desegregating the county schools is whether the plan calls for a sufficiently prompt compliance with the requirements of Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083. The Board admitted that the schools of Dougherty County had been and were being operated on a racially segregated basis, that is to say, Negro and white children living in the same locality were sent to Negro or white schools according to race.

The trial court, by its order of July 12, 1963, required the Board of Education, within thirty days, to submit a plan for administering the school system without regard to race or color. Such plan was submitted by the Board on August 12th and it was approved by the Court, after objections filed by the appellants, on August 27, 1963.

The plan provided that beginning with the fall term, 1964, each beginning student desiring to enter the first grade could register at the school selected by him without reference to race during a countywide registration period to be held beginning the first Monday in April, 1964, and continuing through Friday of that week. It provided that such pupils "may select the school of their choice without regard to race or color if proximity to the school, building capacity and transportation permits." It further provided that thereafter the same privilege would be granted to one more grade each year until, after twelve years, all twelve grades would be similarly dealt with.

The appellants objected to the approval of the said plan on the following grounds:

"(1) refusing to order the named plaintiffs admitted to the schools of their choice for September 1963;

"(2) considering community hostility as a ground for delaying desegregation until the 1964–65 school year;

"(3) failing to order the abolition of existing school zone lines based on race and the reorganization of the public school system on a non-racial basis;

"(4) refusing to provide for the assignment of teachers and other professional personnel without regard to race or color;

"(5) failing to order desegregation in the vocational schools operated by the board;

"(6) approving the 'grade-a-year' provision of the plan which nine years after Brown proposes to delay desegregation of the county schools yet another twelve years."

The Court is of the view that by granting its writ of certiorari in the case of Calhoun v. Latimer, 5 Cir., 321 F.2d 302, the case dealing with the Atlanta school system, the Supreme Court has evidenced an interest in the question that is primarily for consideration here— that is, whether the grade-a-year plan of desegregating the schools at this time meets the requirements of the Brown decision. We, therefore, think it appropriate to withhold final judgment on this matter until the Supreme Court has had an opportunity to consider and pass on this question.

Nevertheless, in view of the fact that the countywide pupil registration called for in the Dougherty County plan is now set for the first week of April, 1964, we consider it appropriate to issue this order pending final decision by the Court on the appeal. This Court assumes, as is disclosed by the testimony of the Board official on the trial below, and as we were assured by counsel during oral argument, that the grade-a-year plan as now contemplated, if permitted to remain in effect, will be administered by the Board in absolute good faith recognition that no criteria are to be applied differently with respect to the race of the pupil involved. Upon such assumption, the Court determines that pending a further order of the Court, the Board of Education of Dougherty County may institute the plan approved by the trial court for the scholastic year 1964–65 with the following modifications:

1. In view of the delay of the implementation of the plan beyond the school year 1963, the said plan shall be instituted with respect to the first two grades of school for the school year 1964–65 rather than the first grade, as originally contemplated.

2. Each applicant for admission to the vocational schools operated by the County Board shall have the same choice of making application for admission to either of the existing vocational schools whether the school be one heretofore operated solely as a school for white students or as a school for Negro students. The same standard of assignment to such schools shall be observed as with respect to the first two grades of the public school system—that is to say, all applications shall be considered on the merits subject to the criteria adopted without reference to race.

The Court will postpone its final decision with respect to the matters covered by this interim order and as to the remaining issues in the appeal until further order of this Court or until a decision is made by the Supreme Court in the Calhoun case.

This order is effective as of this date and will be transmitted to the trial court forthwith.