Per Curiam.
 

 During the argument of this case, counsel for respondents stated that after the decree below was entered the Atlanta Board of Education adopted additional provisions
 
 *396
 
 authorizing free transfers with certain limitations in the city’s high schools. At our invitation both parties filed supplemental memoranda dealing with this aspect of the case. It appears therefrom that since the argument the Atlanta Board of Education on April 8, 1964, adopted and promulgated a new formal resolution stating the present policy of the Board and the factors it will consider in making initial assignments of pupils and in permitting transfers for the school year 1964-1965. Petitioners deny that this resolution meets the constitutional standards and assert that with respect to students in the elementary schools the plan will not achieve desegregation until sometime in the 1970’s.
 

 In light of the developments at and since the argument, we deem it appropriate that the nature and effect of the Board’s resolution of April 8, 1964, be appraised by the District Court in a proper evidentiary hearing. To this end we vacate the judgment and remand the cause to the District Court for further proceedings.
 

 Although Atlanta’s commendable effort to effect desegregation is recognized, the District Court on remand must, of course, test the entire Atlanta plan by the considerations discussed in
 
 Watson
 
 v.
 
 City of Memphis,
 
 373 U. S. 526, 529;
 
 Goss
 
 v.
 
 Board of Education,
 
 373 U. S. 683; and
 
 Griffin
 
 v.
 
 County School Board of Prince Edward County, ante,
 
 at 218, decided subsequent to the District Court’s approval of the plan. In
 
 Goss, supra,
 
 at 689, we said:
 

 “[W]e are not unmindful of the deep-rooted problems involved. Indeed, it was consideration for the multifarious local difficulties and ‘variety of obstacles’ which might arise in this transition that led this Court eight years ago to frame its mandate in
 
 Brown
 
 in such language as ‘good faith compliance at the earliest practicable date’ and ‘all deliberate speed.’
 
 Brown
 
 v.
 
 Board of Education,
 
 349 U. S., at
 
 *397
 
 300, 301. Now, however, eight years after this decree was rendered and over nine years after the first
 
 Brown
 
 decision, the context in which we must interpret and apply this language to plans for desegregation has been significantly altered. Compare
 
 Watson
 
 v.
 
 City of Memphis, supra.”
 

 Vacated and remanded.