**Birdie Mae DAVIS et al., Appellants,**

v.

**BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, ALABAMA, et al., Appellees.**

**No. 20657.**

United States Court of Appeals Fifth Circuit.

June 18, 1964.

Rehearing Denied July 21, 1964.

Certiorari Denied Oct. 12, 1964.
See 85 S.Ct. 85.

Vernon Z. Crawford, Mobile, Ala., Constance B. Motley, Jack Greenberg, Derrick A. Bell, Jr., New York City, Clarence E. Moses, Mobile, Ala., for appellants.

George F. Wood, Palmer Pillans and A. L. Philips, Jr., Mobile, Ala., for appellees.

Before MARIS,* GEWIN and BELL, Circuit Judges.

* Of the Third Circuit, sitting by designation.

GEWIN, Circuit Judge.

This appeal presents for our review litigation with respect to the desegregation of the public school system of Mobile County, Alabama. The case has received the attention of this Court on two former occasions. The first time it arose on a petition in the nature of an appeal from an alleged denial of injunctive relief, which petition was grounded on the premise that the failure of the District Court to rule promptly constituted a denial of relief and was therefore an appealable order. In addition the petitioners sought relief in the nature of an application for writ of mandamus directed to the District Judge. The petition was denied and the appeal dismissed. Davis v. Bd. of School Commissioners of Mobile County, Alabama (5th Cir. 1963) 318 F.2d 63.

After hearing in the District Court, an appeal was taken, and the cause was advanced on our docket pursuant to a *motion for an injunction pending appeal.* This Court granted the injunction pending appeal on July 9, 1963, and on petition for rehearing amended its order on July 18, 1963. Davis v. Bd. of School Commissioners of Mobile County, Alabama (5th Cir. 1963) 322 F.2d 356, cert. den. 375 U.S. 894, 84 S.Ct. 170, 11 L.Ed. 2d 123. We now consider the appeal on the merits.

In its original order dated June 24, 1963, the District Court denied injunctive relief against the Board of School Commissioners as sought by the plaintiffs (appellants). Davis v. Board of School Commissioners of Mobile County, Alabama (D.C.S.D.Ala.1963) 219 F.Supp. 542. Following our decision, supra, the District Court entered its order dated July 11, 1963, amended July 26, 1963, pursuant to the mandate of this Court. Thereafter the School Board presented a plan to the District Court for its con-sideration. After a hearing on objections resulting in some modifications, the District Court approved the plan and the plaintiffs appealed. The plan operated during the school session commencing in September, 1963, but was limited to the 12th grade, and it was not applied to rural schools.

We deem it unnecessary to set forth the details of the proposed plan except to say that it was based essentially upon the Alabama Pupil Placement Law. While somewhat more detailed and precise, the Mobile plan was similar in many essential respects to the plan proposed in *Birmingham*, Armstrong v. Bd. of Education of the City of Birmingham, Alabama (5th Cir. 1964) 333 F.2d 47, the opinion in which has been rendered simultaneously with this opinion. It should be noted that the mandates of this Court in *Mobile* and in *Birmingham*, when we granted an injunction pending appeal, are essentially identical, except that in *Mobile* the District Court was authorized to defer desegregation of rural schools in Mobile County until September, 1964.[1] There are other differences in the two cases. For example, in *Mobile* the Board of School Commissioners operates the entire school system for Mobile County and there is one Superintendent of Schools for the entire county. Differences which do exist are not material to our consideration here.

As mentioned above, we have rendered our opinion on the merits of the *Birmingham* case simultaneously with this opinion. Our decision in *Birmingham* is controlling here, and we consider it unnecessary to repeat now what was there said, except to point out some of the more salient factors with respect to minimum requirements in school desegregation cases of this type. We emphasize here as we did in *Birmingham*, that plans for desegregation must now proceed at a

1. "The District Court may modify this order to defer desegregation of rural schools in Mobile County until September 1964, should the District Court after further hearing conclude that special planning of administrative problems for rural schools in the county make it impracticable for such schools to start desegregation in September 1963." Davis v. Board of School Com'rs of Mobile County, Ala. (5th Cir. 1963) 322 F.2d 356.

swifter pace in view of the ten-year period which has elapsed since the first *Brown* decision;[2] the responsibility and duty resting on school boards to provide a constitutional plan of desegregation; the necessity for the constitutional administration of the Alabama Pupil Placement Law without regard to race or color; the hearing of complaints by the District Court with respect to the denial of constitutional rights, thus avoiding cumbersome administrative procedure; timely notice of the plan to interested persons; the abolition of dual school zones, areas, or districts;[3] and the retention of jurisdiction by the District Court for further implementation and supervision.

Upon consideration of the evidence before us and giving consideration to the circumstances here involved, it is our conclusion that this cause be remanded to the District Court with instructions to require the Board of School Commissioners of Mobile County, Alabama, to present to the District Court forthwith for its consideration a plan of desegregation which will meet the minimum standards set forth and outlined in the *Birmingham* case.

The order of the District Court heretofore entered on June 24, 1963, denying injunctive relief is vacated; the orders of the District Court entered on July 11 and 26, 1963, pursuant to our mandate in this case, are continued until modified by the District Court; and the cause is remanded for the entry of appropriate orders not inconsistent herewith.

2. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954). See also the implementing decision. Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955).

3. As to such dual districts, school zones, or areas, the brief of the Board of School Commissioners states:
"By implication, at least, in reference to attendance at schools of the district of the residence of each of the pupils when the plan has progressed to that particular grade, the system would be operating under a single-type district or attendance area arrangement. Again, without all

of the testimony adduced in the trial of the cause on the merits, before this court presently, it is difficult to present the entire picture. At the time of the trial on the merits, the Superintendent testified that there were only a few dual zones within the system presently. He further testified that a major re-evaluation and re-draft of the school districts was in progress, or about to commence, which would eliminate even those few dual districts that existed. Consequently, the objection by appellants to this aspect of the plan is one of letter rather than substance."