Shirley BIVINS et al., Appellants,

v.

BOARD OF PUBLIC EDUCATION AND ORPHANAGE FOR BIBB COUNTY, GEORGIA, et al., Appellees.

No. 21690.

United States Court of Appeals Fifth Circuit.

Feb. 24, 1965.

Derrick A. Bell, Jr., New York City, Donald L. Hollowell, Atlanta, Ga., Jack Greenberg, Constance Baker Motley, New York City, for appellants.

C. Baxter Jones, Macon, Ga., for appellees. Jones, Sparks, Benton & Cork, Macon, Ga., of counsel.

Before TUTTLE, Chief Judge, MOORE * and BELL, Circuit Judges.

BELL, Circuit Judge.

This is a companion case to Lockett v. Board of Education of Muscogee County School District, Georgia, No. 21,262, decided this date. 342 F.2d 225. It presents issues arising out of a suit to desegregate the public school system of Bibb County (Macon), Georgia. The defendant school Board, pursuant to an order of the District Court, and after suit by appellants, presented a plan for the desegregation of the system. Objections to the plan and to the denial of injunctive relief form the subject matter of the appeal.

Like the Muscogee County case, the suit attacked the maintenance of a compulsory biracial school system perpetuated through the use of dual school zones based on race, and through the assignment of teacher and administrative personnel on a racial basis. The prayer was for an end to these racial distinctions, or in the alternative for a decree directing the school Board to submit a plan for the complete reorganization of the school system into a unitary, non-racial system. The Board admitted that it was operating separate schools for white and Negro children, and that appellants were entitled to such order of the court as would adequately protect their rights and those of the class they represented, while, at the same time, taking into account the administrative and other problems of the school Board incident to the granting of such protection. As the District Judge noted, the appellants recognized that the Board should be allowed a reasonable period of time for bringing about the elimination of discrimination within the equal protection mandates of the Constitution.

The plan submitted and approved by the court was of the stair-step transfer type, beginning desegregation with the twelfth grade in September 1964. Other grades were to be reached thereafter annually, with two grades to be included in some years and only one in others, and with an over-all transition perior of nine years. A ruling on the question of assignment of teachers and administrative personnel was deferred for the stated

* Of the Second Circuit, sitting by designation.

reason that it presented a matter which could be more appropriately considered by the Board and by the court, if necessary, at a future date. Implicit in this statement was the view that it was a matter that would be more appropriately subject to adjudication after the pupil desegregation process had run at least a substantial part of its course. The court deemed an injunction to be unnecessary in view of the promises of the school Board and the stability of its membership, but retained jurisdiction for such further proceedings and orders as might become necessary.

The issues presented here are the same as those presented in the Muscogee County case. Did the court err in denying the injunction? Did the court err in refusing to rule on the validity of assigning teacher and administrative personnel on a racial basis? Did the court commit error in approving the plan of desegregation, either as to the speed of accomplishment or in the use of a transfer plan for pupil assignment, or as to both? On the reasoning of the opinion in the Muscogee case, and on the strength of the authorities there cited, we affirm with respect to the denial of the injunction, and as to the postponement of the teacher and administrative personnel question. We reverse as to the plan, both on the question of speed and on the use of a transfer method of assignment.

█ No useful purpose would be served in again stating the minimal standards recited in the Muscogee County case. It is enough to say that they, and each of them, and the authorities from which they stem, are all applicable to the Bibb County Board of Education. However, there are certain factual distinctions between the present desegregation plans of the two systems which are worthy of note, and which will be stated, along with what will be required on remand, for clarity. Both the Muscogee

and the Bibb plans included the twelfth grade in 1964. The Muscogee County plan contemplates the inclusion of the ninth, tenth, and eleventh grades in September 1965. The Bibb plan as it now stands will include only the tenth and eleventh grades. Requiring the same of each system, as we do, means that Bibb County must also include the ninth grade in September 1965. Also, as has been prescribed for Muscogee County, the first grade must be added. The order of inclusion of grades thereafter is not specified except to say that the process must be continuous during the remaining time and from both ends. Four years including September 1965, that is by September 1968, is the maximum additional time to be allowed for the inclusion of all grades in the plan. The dual or biracial school attendance system, i. e., separate attendance areas, district, or zones for the races, shall be abolished contemporaneously with the application of the plan to the respective grades when and as reached by it. Also, students new to the system must be assigned on a nonracial basis to grades not reached by the plan. Thus, the requirements for the Bibb school system are no more and no less than those applied to the Muscogee system.

█ The other difference is in the plan for the assignment of students. Muscogee County, although using a transfer plan in September, 1964, has now adopted a quasi-freedom of choice plan for use beginning in September 1965. We approved the use of a freedom of choice plan there, provided it is within the limits of the teaching of the Stell and Gaines cases. Stell v. Savannah-Chatham County Board of Education, 5 Cir., 1964, 333 F.2d 55; Gaines v. Dougherty County Board of Education, 5 Cir., 1964, 334 F.2d 983.[1] The use of a transfer plan of the type proposed by the Bibb County Board, as well

1. These decisions, and others of the group which are, as was true in the Muscogee County case, dispositive here, Armstrong v. Board of Education of the City of Birmingham, 5 Cir., 1964, 333 F.2d 47; and Davis v. Board of School Commissioners of Mobile County, 5 Cir., 1964, 33 F.2d 53, were rendered after the judgment of the District Court with which we are concerned.

as onerous requirements for making a choice of assignment, see Stell, supra, and Calhoun v. Latimer, 5 Cir., 1963, 321 F.2d 302, for examples, are expressly disapproved.

■ The court did not err with respect to failing to take up the question of desegregating the teaching and administrative personnel of the system, nor in denying injunctive relief. As was said in the Muscogee County case: "We, as was the District Court, are willing to rely on the integrity and good faith of the school Board where they represent, as they have here, an intention to effectuate the law."

Affirmed in part; reversed in part; remanded for further proceedings not inconsistent herewith.

Freedman, Circuit Judge, and Biggs, Chief Judge, dissented from denial of petition for rehearing.