**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Cosmo PREVATT and John H. Bennett, Jr., Defendants-Appellants.**

**No. 26427.**

United States Court of Appeals
Fifth Circuit.

June 18, 1969.

---

Eli H. Subin, Roth, Segal & Levine, Orlando, Fla., for defendants-appellants.

Edward F. Boardman, U. S. Atty., Robert B. McGowan, Charles S. Carrere, Asst. U. S. Attys., Tampa, Fla., for plaintiff-appellee.

Before RIVES, BELL and DYER, Circuit Judges.

PER CURIAM:

■ This appeal is from the denial of appellant's Rule 41(e), Fed.R.Crim.P., motion to suppress evidence.[1] The issue involved is whether appellants' assertion of the Fifth Amendment's privilege against self-incrimination prohibits the use in state criminal actions of property obtained by federal agents pursuant to a federal statute subsequently held voidable in Marchetti v. United States, 1968, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 and Grosso v. United States, 1968, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906.[2] We affirm the denial of appellants' motion and hold that resort to the federal judiciary to vindicate Fifth Amendment rights is inappropriate under the present circumstances.

The Rule 41 motion attempts to parallel the path of petitioners in Rea v. United States, 1956, 350 U.S. 214, 76 S. Ct. 292, 100 L.Ed. 233. That case, however, involved an exercise of the federal judiciary's supervisory power over federal officials who acted contrary to the Fourth Amendment. The instant case concerns *lawfully seized* evidence subsequently made unusable because of Fifth Amendment pressures. In terms of "poisonous tree" rhetoric, which appellants seek to engraft onto this case, this tree is simply not poisonous since the evidence was seized consonant with constitutional dictates.

Prevatt and Bennett's Fifth Amendment argument is also unpersuasive. The unconstitutional Fifth Amendment pressures placed upon appellants were eased when the district court dismissed the federal criminal charges. *Marchetti*

1. We assume without deciding that such a motion is a proper mode of suppressing evidence subsequent to dismissal of a federal criminal charge. *Cf.* Rea v. United States, 1956, 350 U.S. 214, 76 S. Ct. 292, 100 L.Ed. 233, and Cleary v. Bolger, 1963, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390. Since the district court denied the motion on its merits, we also decide this appeal on the merits in the interest of a speedy and just disposal of criminal cases. Rule 2, Fed.R.Crim. P., 18 U.S.C.A. (1964).

2. Appellants also moved to suppress any testimony that the federal agents might proffer in the state proceedings. We think that this branch of the motion and the suppression of the property seized should be governed by the same rationale.

..

and *Grosso* require no more. *See* 390 U. S. at 58–61, 88 S.Ct. 707–709. We must presume that further vindication of appellants' Fifth Amendment rights, if necessary, will come from the State courts. U.S.Const. Art. VI, § 1; 28 U.S.C. § 1257.[3]

Appellants also moved for a return of all seized property not the subject of an ancillary forfeiture proceeding [United States v. One Olivetti Underwood Electric Adding Machine, etc., No. 66–189 Orlando-Civil] currently on appeal to this Court [No. 26,987]. Appellants' counsel stipulated at the Rule 41 hearing that the seized property "was all lottery paraphanalia [sic]." Judge Young ruled that, since the property was contraband, appellants were not entitled to its return. It is not clear from the record where the property is currently located. If it is in the hands of State officials, as appellants "believe" it to be, then the question of its return may be moot. However, if it is within the reach of the federal court's jurisdiction, sound judicial administration requires that we withhold our decision upon its return until the Supreme Court disposes of the similar case of United States v. United States Coin and Currency, 7 Cir. 1968, 393 F.2d 499, cert. granted 393 U.S. 949, 89 S.Ct. 375, 21 L.Ed.2d 361, calendared for reargument 395 U.S. 918, 89 S.Ct. 1768, 23 L.Ed.2d 236 (May 26, 1969). In either case, the appellants cannot secure relief from this Court at this time. We therefore affirm the district court to the extent that it denied the motion to suppress. We further order that the parties submit affidavits to this Court and the district court demonstrating the whereabouts of the subject property. We retain jurisdiction over so much of

the appeal as deals with the return of the property. 28 U.S.C. § 2106 (1964). *See, e.g.,* Gaines v. Dougherty Co. Bd. of Education, 5 Cir. 1964, 329 F.2d 823, 824. *Cf.* Shively v. United States, 4 Cir. 1954, 210 F.2d 131, 132.

---

3. At the time of the instant seizure the Supreme Court had not yet decided *Marchetti* and *Grosso*. The seizure was a good-faith one based upon reasonable cause to believe that a valid federal criminal statute had been violated. This case, therefore, presents the unusual situation of evidence lawfully seized and subsequently rendered unusable. Law enforcement officials are now fully aware of *Mar-* *chetti* and *Grosso* and we cannot presume that they will conduct searches based on the statutes held to be so readily voidable in those cases. Suppression of the evidence in this case would thus serve no useful purpose in combatting unsavory police practices. *Cf.* United States v. Boiardo, 3 Cir. 1969, 408 F.2d 112.