**Deborah A. NORTHCROSS, et al.,
Plaintiffs-Appellees
Cross-Appellants,**

v.

**BOARD OF EDUCATION OF the MEM-
PHIS CITY SCHOOLS, et al., Defend-
ants-Appellants Cross-Appellees.**

**Misc. No. 1576.**

United States Court of Appeals,
Sixth Circuit.

July 5, 1972.

Louis R. Lucas, William E. Caldwell, Ratner, Sugarmon & Lucas, Memphis, Tenn., Jack Greenberg, Norman J. Chachkin, New York City, for Deborah A. Northcross, and others.

Jack Petree, Evans, Petree, Cobb & Edwards, Memphis, Tenn., for Board of Education of the Memphis City Schools, and others.

Before PHILLIPS, Chief Judge; and WEICK, EDWARDS, CELEBREZZE, PECK, McCREE, MILLER and KENT, Circuit Judges.

### ORDER

A majority of the active judges of this Court having voted against an en banc hearing on the motion to vacate the stay, it is ordered that said motion be and is hereby referred to the panel for determination. Chief Judge Phillips, and Judges Edwards and McCree requested that their votes in favor of an en banc hearing be recorded. Judge Edwards has filed a dissent to the denial of the en banc hearing in which dissent Chief Judge Phillips and Judge McCree concur. The panel does not agree with the statement in the dissent to the effect that the Supreme Court told Appellate and District Courts not to enter stays pending appeal authorized by Rule 8, Fed.R. App.P. in appropriate cases.

EDWARDS, Circuit Judge, dissenting, joined by Chief Judge PHILLIPS and Judge McCREE.

The denial of this motion for an en banc hearing sustains the first stay of a District Court desegregation order entered in this court since United States Supreme Court opinions in effect told Appellate and District Courts not to enter such stays. In Kelley v. Metropolitan County Board of Education of Nashville and Davidson County, Tennessee, 436 F. 2d 856 (6th Cir. 1970), in denying a stay

we summarized those decisions as follows:

"In April of 1968 in a unanimous opinion the Supreme Court stated that the time to end dual school systems was 'now'.

'[A] plan that at this late date fails to provide meaningful assurance of prompt and effective disestablishment of a dual system is also intolerable. "The time for mere 'deliberate speed' has run out," Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 234, 84 S.Ct. 1226, 1235, 12 L.Ed.2d 256; "the context in which we must interpret and apply this language [of Brown II, Brown v. Board of Education of Topeka, Kan., 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083] to plans for desegregation has been significantly altered." Goss v. Board of Education of City of Knoxville, Tenn., 373 U.S. 683, 689, 83 S.Ct. 1405, 1409, 10 L.Ed.2d 632. *See* Calhoun v. Latimer, 377 U.S. 263, 84 S.Ct. 1235, 12 L.Ed.2d 288. The burden on a school board today is to come forward with a plan that promises realistically to work, and promises realistically to work *now*.

'The obligation of the district courts, as it always has been, is to assess the effectiveness of a proposed plan in achieving desegregation. There is no universal answer to complex problems of desegregation; there is obviously no one plan that will do the job in every case. The matter must be assessed in light of the circumstances present and the options available in each instance. It is incumbent upon the school board to establish that its proposed plan promises meaningful and immediate progress toward disestablishing state-imposed segregation. It is incumbent upon the district court to weigh that claim in light of the facts at hand and in light of any alternatives which may be shown as feasible and more promising in their ef-fectiveness. Where the court finds the board to be acting in good faith and the proposed plan to have real prospects for dismantling the state-imposed dual system "at the earliest practicable date," then the plan may be said to provide effective relief.' Green v. County School Board of [New] Kent County, 391 U.S. 430, 438–439, 88 S.Ct. 1689, 1694, 20 L.Ed.2d 716 (1968).

"In October of 1969, again unanimously, and this time by brief per curiam, the Court declared:

'Under explicit holdings of this Court the obligation of every school district is to terminate dual school systems at once and to operate now and hereafter only unitary schools. Griffin v. County School Board, 377 U.S. 218, 234, 84 S.Ct. 1226, 1235, 12 L.Ed.2d 256 (1964); Green v. County School Board of New Kent County, 391 U.S. 430, 438–439, 442, 88 S.Ct. 1689, 1694–1695, 1696, 20 L.Ed.2d 716 (1968). Accordingly, *It is hereby adjudged, ordered, and decreed:*

'1. The Court of Appeals' order of August 28, 1969, is vacated, and the case is remanded to that court to issue its decree and order, effective immediately, declaring that each of the school districts here involved may no longer operate a dual school system based on race or color, and directing that they begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color.' Alexander v. Holmes County Board of Education, 396 U.S. 19, 20, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969).

"In still another brief and unanimous per curiam, the Supreme Court said on December 13, 1969:

'(2) By way of interim relief, and pending this Court's disposition of the petition for certiorari, the judgment of the Court of Appeals is

vacated insofar as it deferred desegregation of schools until the school year 1970–1971.

'(3) By way of interim relief pending further order of this Court, the respondent school boards are directed to take no steps which are inconsistent with, or which will tend to prejudice or delay, a schedule to implement on or before February 1, 1970, desegregation plans submitted by the Department of Health, Education & Welfare for student assignment simultaneous with the other steps ordered by the Court of Appeals.' Carter v. West Feliciana Parish School Board, 396 U.S. 226, 228, 90 S.Ct. 467, 469, 24 L.Ed.2d 382 (1969).

"Much more recently the Supreme Court has twice refused to delay the integration proceedings in the principal case now under the consideration of that court. Swann v. Charlotte-Mecklenburg Board of Education, 399 U.S. 926, 90 S.Ct. 2247, 26 L.Ed.2d 791 (1970), and the unpublished Order by the Chief Justice, dated August 25, 1970, denying on behalf of the Court the Application for Stay of an Order of the United States District Court for the Western District of North Carolina, dated August 7, 1970. *See also* Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969); Carter v. West Feliciana Parish School Board, 396 U.S. 226, 90 S.Ct. 467, 24 L.Ed.2d 382 (1969) (granting temporary injunctive relief); Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970)."

The Supreme Court subsequently denied certiorari on this court's denial of a stay order in the *Kelley* case.

To the best of my knowledge, there has been no instance in which the Supreme Court has (since the decisions cited above) authorized or approved a stay which, like that in question in this case, would defer proceeding with desegregation of a segregated school system for another full year.

In my judgment the appeal in the Memphis case should be heard promptly on the merits, as it now is scheduled to be, but while the District Judge's order is in effect.

The question of issuance of this stay in conflict with the prior decisions of the United States Supreme Court and of this court poses a "question of exceptional importance" and requires en banc consideration in order to "maintain uniformity of [our] decisions." Rule 35 Fed.R.App.P.