George ARTHUR et al.,
Plaintiffs-Appellees,

v.

Ewald P. NYQUIST et al., Defendants,

and

Eugene T. Reville et al.,
Defendants-Appellants.

Docket 76–7292.

United States Court of Appeals,
Second Circuit.

Argued Sept. 28, 1976.

Decided Nov. 8, 1976.

Moot, Sprague, Marcy, Landy, Fernbach & Smythe by Richard F. Griffin, Buffalo, N.Y., for plaintiffs-appellees.

Leslie G. Foschio, Corp. Counsel by Anthony Gregory, Asst. Corp. Counsel, Buffalo, N.Y., for defendants-appellants.

Before WATERMAN and VAN GRAAF-EILAND, Circuit Judges, and MOTLEY, District Judge.*

MOTLEY, District Judge:

We believe that the District Court's order of April 30, 1976 is an appealable order. It enjoined the defendants, after a trial on the merits of this school desegregation case, "from taking any further action in violation of plaintiffs' rights under the Constitution". It then directed defendants to submit a

* Of the Southern District of New York, sitting by designation.

plan as to how the metropolitan school district before the court was to be desegregated.

■ First, it was appealable under the provisions of 28 U.S.C. § 1292(a)(1) as the Fifth Circuit ruled in *Board of Public Instruction of Duval County, Florida v. Braxton,* 326 F.2d 616 (1964). In the *Braxton* case the school authorities were allowed to appeal from two parts of a detailed injunctive order entered after a trial on the merits which enjoined segregation in the school district and ordered submission of a detailed plan. Notably, the appeal in *Braxton* involved only those parts of the detailed injunctive order relating to a plan for the reassignment of teachers and the financing and physical arrangements of schools. The Fifth Circuit found the order to bring in a plan for the reassignment of teachers a mandatory injunction, contrary to the ruling in *Taylor v. Board of Education,* 288 F.2d 600 (2d Cir. 1961), and held it appealable under 28 U.S.C. § 1292(a)(1).

Secondly, the order of April 30, 1976, is as appealable, in our view, as the injunctive order and the ancillary relief entered after a trial on the merits in *SEC v. Manor Nursing Centers Inc.,* 458 F.2d 1082 (2d Cir. 1972). The *Manor Nursing Centers* case involved the type of ancillary relief necessary to effectuate the broad remedial purposes of a federal law once the court had found a violation and enjoins future violations. Appellants appealed not only the order of the District Court which permanently enjoined further violations of that law, but also those parts of the order which went on to delineate certain remedial steps to be taken. For example, all appellants were ordered to 1) disgorge any proceeds, profits, and income received in connection with the illegal sale of the common stock of Manor Nursing Centers, Inc.; 2) the District Court ruled it would appoint a trustee, as requested by the SEC, to receive these funds, distribute them to defrauded public investors, report to the court on the true state of affairs regarding the proceeds of the sale, and prevent a wasting of their assets by appellants pending final disposition of the case regarding a particular appellant; and 3) the District Court ordered a freeze on the assets of appellants until such time as they had transferred to the trustee the funds received by them from the illegal sale. The Court of Appeals affirmed the injunctive order and held that the ancillary relief, with one exception, was a proper exercise of the District Court's equity powers at 1103. It also ruled that the SEC might seek relief in addition to the usual injunctive relief in order to effectuate the purposes of the federal securities laws at 1104.

■ In the instant case the District Court, after a trial on the merits, permanently enjoined defendants from further violations of plaintiffs' constitutional rights. It then directed defendants to bring in a plan of desegregation which, in the exercise of its equity powers, the District Judge could properly require if he deemed such a plan appropriate. *Brown v. Board of Education,* 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955). An order to bring in a plan of desegregation after the entry of an order enjoining further violations of constitutional rights was, in our view, as ancillary to the injunctive order granted by the District Court in this case, and as subject to review, as the injunction and ancillary relief ordered in *Manor Nursing Centers.* Much remained to be done by the trustee and the District Court after the entry of the order appealed from in the *Manor Nursing Centers* case. It was certainly debatable whether it was an order which ended "the litigation on the merits and leaves nothing for the court to do but execute the judgment", as the Court characterized final orders appealable under 28 U.S.C. § 1291 in *Taylor v. Board of Education, etc.,* 288 F.2d 600 (2d Cir. 1961).

There seems to have been no question raised, by either the parties or the Court, in the *Manor Nursing Centers* case as to the appealability of an order which found violations of the federal securities laws and which provided for the taking of numerous remedial steps to remedy such violations including the appointment of a trustee to

report on the true state of affairs regarding proceeds of the illegal sale and a maintenance of the status quo, entailing a temporary freeze of assets of appellants. If the jurisdictional question had been raised, it seems clear that the order would have been held appealable at least under the provisions of 28 U.S.C. § 1292(a)(2), if not under the provisions of § 1291. 6 Moore's *Federal Practice,* (2d ed. 1976) p. 148.

In the instant case the District Court actually enjoined future violations of federal constitutional law and then directed that action be taken to remedy the violation. However, as the opinion of the Second Circuit in *Hart v. Community School Board of Brooklyn, New York, School District # 21,* 497 F.2d 1027 (2d Cir. 1974), makes clear, this Circuit adheres to its ruling in *Taylor v. Board of Education,* 288 F.2d 600 (2d Cir. 1961), denying appeals from district court decisions finding segregation in the school system and then directing defendants to bring in a plan. Such orders were held not appealable on the ground that allowance of such appeals would violate the basic principle against piecemeal appeals in the federal courts. It should be noted that in the instant case the court below, unlike *Taylor* and *Hart,* specifically enjoined defendants from future violations of plaintiffs' constitutional rights. Therefore, even under the rationale in *Taylor* at p. 603, and *Hart* at p. 1030–1031, n.4, it seems that the instant order of the District Court was appealable under § 1292(a)(1). However, it is clear that such appeals are not mandatory and an interlocutory order from which no appeal has been taken merges into the final decree. For this latter reason, we deny the motion to dismiss the appeal from the April 30, 1976 order of the District Court.

Finally, it should be noted that plaintiffs in school desegregation cases have been allowed, repeatedly, to seek ancillary relief by challenging plans approved by the district courts, *e.g., Calhoun v. Latimer,* 321 F.2d 302 (5th Cir. 1963), *vacated and remanded Calhoun v. Latimer,* 377 U.S. 263, 84 S.Ct. 1235, 12 L.Ed.2d 288 (1964); *Calhoun v.*

*Cook,* 362 F.Supp. 1249 (N.D.Ga.1973), *cause remanded,* 487 F.2d 680 (5th Cir.), *stay den.* 409 U.S. 974, 93 S.Ct. 302, 34 L.Ed.2d 237, and that the same right has been extended to school authorities, *e.g., Swann v. Charlotte-Mecklenburg Board of Education,* and *Mecklenburg Board of Education v. Swann,* 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971); *Milliken v. Bradley,* 418 U.S. 717, 94 S.Ct. 3112, 41 L.Ed.2d 1069 (1974), apparently under § 1292 (a)(1), refusal to modify an injunction. *Boson v. Rippy,* 275 F.2d 850 (5th Cir. 1960). So that the rationale of *Hart* and *Taylor,* avoidance of piecemeal appeals in school desegregation cases, may have been seriously eroded by the history of litigation in school desegregation cases since *Brown v. Board of Education,* 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) and *Brown v. Board of Education, supra,* which seems to indicate that multiple appeals are the rule rather than the exception.