UNITED STATES of America, Appellee,

v.

Charles William WHITE, Appellant.

No. 83–2102.

United States Court of Appeals,
Eighth Circuit.

Sept. 29, 1983.

Rehearing Denied Oct. 27, 1983.

---

Charles William White, pro se.

Rohert G. Ulrich, U.S. Atty., F.O. Griffin, Jr., Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

. This is an appeal from an order of the district court[1] denying appellant's motion for the return of property and the suppression of evidence. On the record and the evidence presented to the district court, we affirm.

United States Secret Service agents arrested appellant Charles William White on March 17, 1978 as part of a counterfeiting investigation. In a search incident to arrest, agents confiscated a pair of gloves and a "case hook nose pocket knife." With counterfeit charges pending, White was convicted of capital murder. *Missouri v. White,* 621 S.W.2d 287 (Mo.1981). At his murder trial, the knife confiscated by Se-

cret Service agents was identified as the murder weapon. *Id.* at 291. After his murder conviction, a two-count indictment for counterfeiting was dismissed. *United States v. White,* No. 78–00078–01–CR–W–3 (W.D.Mo. May 25, 1978).

In the matter at hand, appellant White moved, presumably under Fed.R.Crim.P. 41(e), for "return of seized and illegally held property and the suppression of evidence." He asked that the suppression be effective in any criminal proceeding after March 17, 1978, which was the date of his arrest. In denying the motion, the district court found that the United States did not have custody of the property, and that the motion was untimely.

The government appended to its brief two receipts and one letter which describe the transfer of possession of White's property. These documents, according to the government, are the only materials pertaining to White's property. According to one receipt and the letter, the knife passed from the Secret Service to a sergeant in the Clay County Sheriff's Department. The other receipt confirms the transfer of miscellaneous property, including a pair of gloves, to Floyd Newberry, whose role in the case is unclear.

■ According to the government's brief, White's property could not be found in the Secret Service evidence vault, which is the only storage facility in which it might be located. Furthermore, a sergeant of the Clay County Sheriff's Office advised the government that the sheriff's office possesses White's knife as evidence in his murder trial. That office intends to retain the knife and advised the government that it has no knowledge about White's gloves. Therefore, since the government does not possess White's property, it cannot return his property, and the motion was properly denied. *See United States v. Prevatt,* 414 F.2d 239 (5th Cir.1969), supplemented by 446 F.2d 905 (5th Cir.1971).

---

1. The Honorable Russell G. Clark, Chief Judge, United States District Court for the Western District of Missouri.

Implicit in Fed.R.Crim.P. 41(e) is a requirement of timeliness. Since motions for the return of property under Rule 41(e) are automatically treated as suppression motions, *In re Grand Jury Proceedings, Robert E. Young,* 716 F.2d 493 (8th Cir. 1983), the requirements of Fed.R.Crim.P. 12 are invoked. Rule 12(b)(3) requires that suppression motions be made before trial; Rule 12(f) provides that failure to raise such a defense constitutes waiver thereof. Since White's was a post-trial suppression motion, it is untimely. *See* Wright, *Federal Practice and Procedure,* Criminal, § 673 (2d ed. 1982). The reason such time limits govern suppression motions is obvious: for trials to proceed expeditiously, evidentiary questions must be resolved promptly. *Mesmer v. United States,* 405 F.2d 316 (10th Cir.1969).

Since the government has shown that it does not have custody of the property, and since White's motion was untimely, the district court was justified in denying the motion.