946 F.2d 902
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Raymond VIGIL, Defendant-Appellant.
 No. 91-4017.
 United States Court of Appeals, Tenth Circuit.
 Oct. 17, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 In June 1989, a federal grand jury indicated Paul Raymond Vigil ("Vigil") on four counts of drug trafficking offenses. After one day of trial, Vigil pleaded guilty to Count IV: use of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The United States District Court for the District of Utah, Central Division (Sam, J.) dismissed the three remaining counts and sentenced Vigil to five years of imprisonment followed by three years of supervised release.
 
 
 1
 In August 1990, Vigil made a Motion for Return of Property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. Vigil contends that Utah state law enforcement authorities acting pursuant to a search warrant confiscated his personal property. This property--specifically, jewelry, $1050.00 in United States currency, and several electronic devices--was not used as evidence in this case and is not illegal per se. Accordingly, he asked the district court to order its return.[1]
 
 
 2
 The district court denied his motion on the grounds that "[t]hose items were not introduced as evidence in this matter and the court is of the opinion that it lacks jurisdiction to grant the relief requested by defendant's motion." We agree.
 
 
 3
 In United States v. White, 718 F.2d 260 (8th Cir.1983), the United States Court of Appeals for the Eighth Circuit confronted a similar issue. The county sheriff's office, not the United States, had possession of the defendant's knife and the defendant moved for return of this property. The court stated, "[S]ince the government does not possess [the defendant-appellant's] property, it cannot return his property, and the motion [for return of property] was properly denied." Id. at 261.
 
 
 4
 Here, the property Vigil seeks was not introduced as evidence in this case, the state officials who seized the property were not parties to this action, and the federal government does not have possession of the property. Accordingly, we AFFIRM the district court's denial of Vigil's Motion for Return of Property.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The State of Utah seized the property, but the State dismissed its charges and federal authorities prosecuted the case in federal court. The State apparently remains in possession of the property