87 F.3d 1316
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David S. DAHLER, Defendant-Appellant.
 Nos. 95-3007, 95-3902.
 United States Court of Appeals, Seventh Circuit.
 Argued May 28, 1996.
Decided May 31, 1996.
 
 Before POSNER, Chief Judge, and CUDAHY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 David Dahler stands convicted of possessing four firearms despite his status as a convicted felon. After the jury returned guilty verdicts, the district judge sentenced Dahler to 276 months' imprisonment as an armed career criminal. 18 U.S.C. § 924(e)(1).
 
 
 2
 1. Dahler contends that much of the evidence at trial was admitted in violation of Fed.R.Evid. 404(b) because it depicts him as a burglar. This argument has not been preserved for decision. Before trial Dahler filed a motion in limine asking the district judge to exclude evidence of one out of the two burglaries. The judge denied this motion, and Dahler did not object at trial. Luce v. United States, 469 U.S. 38 (1984), holds that, because pretrial rulings are provisional, a party seeking to present a claim of error on appeal must take the usual steps at trial to object, make offers of proof, and so on. See also United States v. York, 933 F.2d 1343, 1360 (7th Cir.1991).
 
 
 3
 An objection at trial might have led the district judge to curtail the extent to which the prosecutor dwelled on evidence of burglary. But it would not have excluded all mention of that crime, because the evidence was not "other crime" evidence within the scope of Rule 404(b), so even a proper objection would not have accomplished Dahler's principal objective. The evidence in question shows that Dahler obtained the weapons by stealing them, and disposed of them for cash. The federal crime is possession, which began with the theft and continued through the sale. That both the beginning and the end violated some other law did not make the evidence inadmissible; a single transaction often violates multiple statutes, which does not make proof of that transaction impossible. The evidence showed that (and how) Dahler committed the federal crimes of which he was accused.
 
 
 4
 It may be that the description of other items stolen in the burglaries was unnecessary, and should have been excluded under Fed.R.Evid. 403. Any error in this respect was harmless, however. The proof was overwhelming, and Dahler had no defense.
 
 
 5
 2. Next Dahler argues that he should not have been sentenced as an armed career criminal, because he did not have the necessary three convictions for crimes of violence. Actually he had at least five, but the prosecutor relied only on three particular convictions. Dahler says that two of these should be counted as one because he was convicted of two offenses on a single date. This means, he says, that the crimes did not occur on separate "occasions" as the statute uses that term. See United States v. Hudspeth, 42 F.3d 1015 (7th Cir.1994) (en banc). Yet the presentence report states that Dahler was convicted of burgling the residences of Charles Gross and Kenneth McIntyre, leading to separate counts of conviction in Iowa. Dahler's appellate brief invites us to consider the right legal treatment if "Messrs. Gross and McIntyre shared the same residence." If that were so, there would have been only one burglary; Dahler was convicted of two. If he wanted to look beneath the surface, he had to put in some evidence to suggest that there was only one burglary. The conclusion that Dahler was properly sentenced as an armed career criminal makes his other sentencing points academic.
 
 
 6
 3. By a separate appeal, No. 95-3902, Dahler demands the return of property that he says was seized from him. Some of this property (five notebooks) is in the record on appeal and cannot now be handed over, although the prosecutor represents that Dahler has been given photocopies and that the notebooks themselves will be returned when the case is over.
 
 
 7
 So far as we can see, the remaining property Dahler wants--some coins and two necklaces--never came into federal custody and therefore cannot be returned under Fed.R.Crim.P. 41(e). The arrest and seizures were made by the Marquette County Sheriff's Department, which listed these items on the inventory of the search but says that it has returned to Dahler or to his mother everything that belongs to him. The record contains a property release form signed by June Dahler. If any property remains in the Sheriff's hands, the United States is not responsible. United States v. White, 718 F.2d 260 (8th Cir.1983).
 
 
 8
 AFFIRMED.