417 F.2d 846
 UNITED STATES of America, and Doris Elaine Brown et al., Appellants,
v.
The BOARD OF EDUCATION OF the CITY OF BESSEMER et al., Appellees.
UNITED STATES of America, and Dwight Armstrong et al., Appellants,
v.
BOARD OF EDUCATION OF the CITY OF BIRMINGHAM, JEFFERSON COUNTY, ALABAMA et al., Appellees.
UNITED STATES of America and Linda Stout, by her father and next friend, Blevin Stout, Appellants,
v.
JEFFERSON COUNTY BOARD OF EDUCATION et al., Appellees.
 Nos. 26582-26584.
 United States Court of Appeals Fifth Circuit.
 July 1, 1969.
 
 Appeal from the United States District Court for the Northern District of Alabama at Birmingham; Seybourn H. Lynne, Judge, after prior remand, 5 Cir., 396 F.2d 44.
 No. 26582:
 Harvey M. Burg, Oscar W. Adams, Jr., Birmingham, Ala., David H. Hood, Jr., Bessemer, Ala., Jack Greenberg, Norman C. Amaker, New York City, for appellants.
 Macon L. Weaver, U. S. Atty., Birmingham, Ala., Lester Scall, Nathan Lewin, Merle W. Loper, Attys., Dept. of Justice, Washington, D. C., Stephen J. Pollak, Asst. Atty. Gen., for the United States.
 Reid B. Barnes, Birmingham, Ala., J. Howard McEniry, Jr., Bessemer, Ala., MacDonald Gallion, Atty. Gen. of Alabama, Gordon Madison, Asst. Atty. Gen. of Ala., Montgomery, Ala., for appellees.
 
 No. 26583:
 
 1
 Harvey M. Burg, Oscar W. Adams, Jr., Birmingham, Ala., Jack Greenberg, Charles H. Jones, Jr., Norman C. Amaker, New York City, for appellants.
 
 
 2
 Nathan Lewin, Kenneth L. Johnson, Lester Scall, Merle W. Loper, Attys., Department of Justice, Washington, D. C., Macon L. Weaver, U. S. Atty., Birmingham, Ala., Stephen J. Pollak, Asst. Atty. Gen., for the United States.
 
 
 3
 Reid B. Barnes, Birmingham, Ala., MacDonald Gallion, Atty. Gen. of Ala., Gordon Madison, Asst. Atty. Gen. of Ala., Montgomery, Ala., for appellees.
 
 No. 26584:
 
 4
 Harvey M. Burg, Oscar W. Adams, Birmingham, Ala., Jack Greenberg, Norman C. Amaker, New York City, for appellants.
 
 
 5
 Macon L. Weaver, U. S. Atty., Birmingham, Ala., Lester Scall, Nathan Lewin, Merle W. Loper, Attys., Dept. of Justice, Washington, D. C., Stephen J. Pollak, Asst. Atty. Gen., for the United States.
 
 
 6
 Reid B. Barnes, Birmingham, Ala., Maurice Bishop, Birmingham, Ala., MacDonald Gallion, Atty. Gen. of Alabama, Gordon Madison, Asst. Atty. Gen. of Ala., Montgomery, Ala., for appellees.
 
 
 7
 Before WISDOM, BELL, and GODBOLD, Circuit Judges.
 
 PER CURIAM:
 
 8
 These school cases involve public school systems in Bessemer, Birmingham, and Jefferson County, Alabama. The central issue in each case is whether the court-approved plan carrries out this Court's directive that interim goals be established for achieving total faculty desegregation by 1970-71. In another matter before this Court, cases involving two of these same school districts (Jefferson County and Bessemer County) were consolidated for purposes of appeal on the broad question of ordering a revision of the desegregation plan by requiring student assignments on a basis other than freedom of choice. United States v. Jefferson County (Jefferson III), 5 Cir. 1969, 417 F.2d 834.
 
 
 9
 We reverse and remand the instant cases for further consideration in light of United States v. Montgomery County Board of Education, 1969, 395 U.S. 225, 89 S.Ct. 1670, 23 L.Ed.2d 263, and in light of the following recent decisions of this Court: Jefferson III; United States v. Choctaw County Board of Education, 5 Cir. 1969, 417 F.2d 838 [June 26, 1969]; Davis v. Board of Commissioners of Mobile County, 5 Cir. 1969, 414 F.2d 69 [June 3, 1969]; Hall v. St. Helena Parish School Board, 5 Cir. 1969, 417 F.2d 801 [May 28, 1969]; Adams v. Mathews, 5 Cir. 1968, 403 F.2d 181.
 
 
 10
 The mandate of this court shall issue immediately and will not be stayed pending petitions for rehearing or certiorari.
 
 GODBOLD, Circuit Judge (specially concurring):
 
 11
 I concur in the result.
 
 BELL, Circuit Judge (concurring specially):
 
 12
 I concur in the opinion and the result thereof except to the extent, if any, that the decisions of this court cited therein may exceed the requirements laid down by the Supreme Court in Green v. County School Board of New Kent County, Virginia, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968); Raney v. Board of Education of Gould, Arkansas, 391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727 (1968); Monroe v. Board of Commissioners of City of Jackson, Tennessee, 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733 (1968), to-wit: that dual school systems be disestablished. I am in fundamental disagreement with the approach of an appellate court stipulating the details of transition plans where couched in terms of constantly escalating interim demands. The specter of escalation, with no end in sight, retards the disestablishment process.
 
 
 13
 Congress has never acted as it could have under § 5 of the Fourteenth Amendment to set uniform standards for disestablishing dual school systems. Meanwhile, no court has defined "disestablishment". My view continues to be that school systems are entitled to know the ultimate standard. United States v. Jefferson County Board of Education, 5 Cir., 1967, 380 F.2d 385, dissenting opinion at p. 413.