# DOWELL ET AL. v. BOARD OF EDUCATION OF OKLAHOMA CITY PUBLIC SCHOOLS ET AL.

No. 603. Decided December 15, 1969

*Jack Greenberg* and *James M. Nabrit III* for Dowell et al., and *Calvin W. Hendrickson* for Sanger et al., petitioners.

*J. Harry Johnson* and *Leslie L. Conner* for the Board of Education of Oklahoma City Public Schools et al., and *V. P. Crowe, C. Harold Thweatt, George F. Short,* and *Norman E. Reynolds* for McWilliams et al., respondents.

PER CURIAM.

In this school desegregation case, the District Court for the Western District of Oklahoma, by order entered August 13, 1969, approved respondent Oklahoma City School Board's proposal for furthering desegregation of some Oklahoma City schools by revising school attend-

ance boundaries effective September 2, 1969, the start of the 1969–1970 school year. The order also decreed that the School Board prepare and submit on or before November 1, 1969, a comprehensive plan for the complete desegregation of the entire school system. Intervenors of the "McWilliams Class" appealed to the Court of Appeals for the Tenth Circuit from the provision of the order which approved implementation of the School Board's proposed boundary changes by September 2, 1969, and sought a stay of that provision pending decision of the appeal. The Court of Appeals, on August 27, 1969, instead of limiting relief to the requested stay, summarily vacated the District Court's approval of the School Board's proposal. The Court of Appeals held that consideration of the proposal was inappropriate "at this stage of the proceedings" and should await the District Court's "consideration and adoption of a full and comprehensive plan for the complete desegregation and integration of the Oklahoma City School system as contemplated in the court's order of August 13, 1969."

The petition for certiorari is granted.[1] The Court of Appeals erred in holding that the District Court's approval of the School Board's plan must be vacated because consideration of the proposal was inappropriate except in the context of a comprehensive city-wide plan. The burden on a school board is to desegregate an unconstitutional dual system at once. *Green* v. *County School Board,* 391 U. S. 430, 439 (1968); *Alexander* v. *Holmes County Board of Education, ante,* p. 19. Since

---

[1] The petition was filed pursuant to an expedited schedule specified by MR. JUSTICE BRENNAN when on petitioners' application he, as Acting Circuit Justice, vacated the order of the Court of Appeals and reinstated that of the District Court, pending action by this Court on the petition.

the District Court ordered the desegregation measures into effect, and since the petitioners did not object to their scope, the Court of Appeals should have permitted their implementation pending argument and decision of the appeal. *Alexander* v. *Holmes County Board of Education, supra.* The order of the Court of Appeals is therefore vacated and the case is remanded to that court promptly to hear and determine, consistently with *Alexander,* all pending appeals from the District Court order.[2]

*It is so ordered.*

---

[2] We are informed by the parties that the School Board on September 12, 1969, also filed an appeal from the District Court's approval of the Board's proposal, and another appeal from the District Court's denial on September 11, 1969, of the Board's application for amendment of the August 13 order to extend from November 1, 1969, to March 31, 1970, the time for filing of a comprehensive desegregation plan for secondary schools. The District Court granted the Board's application as to a plan for desegregation of the elementary schools.