CARTER ET AL. v. WEST FELICIANA PARISH
SCHOOL BOARD ET AL.

No. 944. Decided December 13, 1969

See 419 F. 2d 1211.

*Richard B. Sobol, Murphy W. Bell, Robert F. Collins, Norman C. Amaker,* and *Melvyn Zarr* for petitioners.

PER CURIAM.

This matter reaches the Court on an application presented to MR. JUSTICE BLACK, as Circuit Justice for the Fifth Circuit, seeking a temporary injunctive order and other relief; and it appearing that

1. Three cases were originally filed in 1965, seeking the desegregation of three Louisiana school districts.

2. Pursuant to orders of the District Courts, in July of this year the Office of Education of the United States Department of Health, Education, and Welfare prepared and submitted terminal desegregation plans for each of the districts here involved for the school year 1969–1970. These plans were rejected by the District Courts.

3. The District Courts' orders were reversed by the United States Court of Appeals for the Fifth Circuit

sitting en banc, on December 1, 1969, subsequent to this Court's decision in *Alexander* v. *Holmes County Board of Education, ante,* at 19. That court ordered respondent school boards and 13 other school boards to desegregate faculties completely and to adopt plans for conversion to unitary school systems by February 1, 1970, but authorized a delay in pupil desegregation until September 1970.

4. On December 10, 1969, petitioners filed in this Court a petition for a writ of certiorari, together with a motion to advance consideration of the petition and a motion for summary disposition, contending that the decision of the Court of Appeals is inconsistent with this Court's decision in *Alexander* v. *Holmes County Board of Education, supra.* The relief sought on the merits is the implementation of the Department of Health, Education, and Welfare plans for student assignment on or before February 1, 1970, simultaneous with the other steps ordered by the Court of Appeals.

5. Petitioners, by this application seek a temporary injunctive order

"requiring the respondent school boards, pending a decision by this Court on the merits, to take all necessary clerical and administrative steps—such as determining new student assignments, bus routes and athletic schedules and preparing for any necessary physical changes—preparatory to complete conversion under the HEW plans by February 1, 1970. If petitioners are successful, the administrative and clerical tasks necessary to conversion will have been undertaken roughly according to the timetable established by the court below in the *Alexander* cases, and petitioners' right to effective relief will not have been put in question by the passage of time. If petitioners are unsuccessful in this Court, the school boards would be under no compulsion to

convert during this school year." Application to the Honorable Hugo L. Black, Circuit Justice for the Fifth Circuit, for a Temporary Injunctive Order 3–4. (Footnote omitted.)

*It is hereby adjudged, ordered, and decreed:*

(1) Petitioners' application for a temporary injunctive order requiring the respondent school boards to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, is granted. *Alexander* v. *Holmes County Board of Education, supra.*

(2) By way of interim relief, and pending this Court's disposition of the petition for certiorari, the judgment of the Court of Appeals is vacated insofar as it deferred desegregation of schools until the school year 1970–1971.

(3) By way of interim relief pending further order of this Court, the respondent school boards are directed to take no steps which are inconsistent with, or which will tend to prejudice or delay, a schedule to implement on or before February 1, 1970, desegregation plans submitted by the Department of Health, Education, and Welfare for student assignment simultaneous with the other steps ordered by the Court of Appeals.

(4) The respondents are directed to file any response to the petition herein on or before January 2, 1970.