468 F.2d 894
 Sylvester J. VAUGHNS, Jr., by his father and next friend,
Sylvester J. Vaughns, et al., Appellants,
v.
BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY et al., Appellees.
Sylvester J. VAUGHNS, Jr., by his father and next friend,
Sylvester J. Vaughns et al., Appellees,
v.
BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY et al., Appellants.
BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY et al., Appellees,
v.
Jesse Alexander ELLER et al., Appellant.
 Nos. 72-2129, 72-2130 and 72-2131.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 2, 1972.
Decided Oct. 12, 1972.
Certiorari Denied Jan. 22, 1973.
See 93 S.Ct. 968.
 
 Richard V. Falcon and Kenneth L. Johnson, Baltimore, Md. (Gerald A. Smith and Howard, Brown & Williams, Baltimore, Md., on brief), for appellants in No. 72-2129 and for appellees in No. 72-2130.
 Paul M. Nassbaum, Mt. Ranier, Md., counsel for the Board of Education of Prince George's County, Maryland (Stanley H. Goldstein, College Park, Md., on brief), for appellees in Nos. 72-2129 and 72-2131, and for appellants in No. 72-2130.
 Emmett H. Nanna, Jr., Hyattsville, Md. (Richard M. James, Hyattsville, Md., George P. Lewnes and Cyril S. Wofsy, Washington, D. C., on brief), for appellants in No. 72-2131.
 Before HAYNSWORTH, Chief Judge, and WINTER, CRAVEN, BUTZNER, RUSSELL and FIELD, Circuit Judges, sitting en banc.
 PER CURIAM:
 
 
 1
 In this school case, the District Judge entered an order in July 1972 declaring the composition of the schools and the assignment of pupils in Prince George's Court, Maryland not to be in compliance with the constitutional requirements. There was a subsequent order in August, directing the preparation of final desegregation plans by November 1972 and their submission to the Court early in December. That order scheduled a hearing on the plans in December and provided that the plans, with respect to the primary schools and the junior high schools, would be made effective on January 29, 1973, the date of the semester break. With respect to the senior high schools, however, the order provided that the plans would not be placed into effect until September 1973.
 
 
 2
 The right to take an appeal from each of the orders under the present circumstances is contested, and the resolution of those procedural questions involve difficult considerations. We think it unnecessary to attempt to resolve them, for we perceive among the substantive questions tendered, only one of substantiality, and that one is, and will be, within the bosom of the District Court.
 
 
 3
 The general rule requires that plans for the desegregation of school systems be made effective as soon as they practically may be without serious disruption to the educational process.* It is contended here that, in light of the general rule the District Court should not have included in its August 1972 order a provision postponing implementation of the plan with respect to the senior high schools until September 1973. With the possible exception of the twelfth grade, the graduating class, it is difficult to find justification for that portion of the order on this record, when the plans are as yet unformulated and the advantages of coordinating the change at all levels cannot be weighed against what difficulties may be encountered in the implementation of the plan for the senior high schools at mid semester.
 
 
 4
 It seems clear to us, however, that the timing of the implementation of the plans, when approved, at all levels is subject to reconsideration in the District Court in light of the actual plans and the extent of the changes within the school system which their implementation will require.
 
 
 5
 This question should first be addressed to the District Court and considered by it in light of the situation as it shall appear when otherwise approvable plans are in hand.
 
 
 6
 Since there appears to be no substantive issue of substantiality ready for decision in this Court, we need not undertake resolution of the procedural questions. The case will be remanded for further proceedings in the District Court.
 
 
 7
 The mandate shall issue forthwith.
 
 
 8
 Remanded.
 
 
 
 *
 Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969); Carter v. West Feliciana Parish School Board, 396 U.S. 226, 90 S.Ct. 467, 24 L.Ed.2d 382 (1969)