Catherine Ann **MILLER**, a Minor, etc., et al., Plaintiffs-Appellants,

United States of America, Intervenor,

v.

The **BOARD OF EDUCATION OF GADS-DEN, ALABAMA** et al., Defendants-Appellees.

Nos. 72–2582, 72–3274.

United States Court of Appeals, Fifth Circuit.

Aug. 7, 1973.

U. W. Clemon, Birmingham, Ala., Johnny J. Butler, Norman Chachkin, Jack Greenberg, James M. Nabrit, III, New York City, Oscar W. Adams, Jr., Birmingham, Ala., Perry T. Christison, Andrew J. Ruzicho, Civil Rights, Dept. of Justice, Washington, D. C., Wayman Sherrer, U. S. Atty., Birmingham, Ala., for plaintiffs-appellants.

Robert H. King, Gadsden, Ala., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

BY THE COURT:

These cases are two of a spate of appeals occasioned by the decision of the Supreme Court, in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971). The present focus of our concern is the Board of Education of Gadsden, Alabama. The Gadsden district has been under court order since at least December 1963. In March of 1972 plaintiffs-appellants filed a motion for further relief, requesting the district court to implement a new student assignment plan in conformity with the Court's decision in Swann.

The district court required the school board to produce such a plan, which it did composed of two parts. In the long run the school board proposed to end segregation by its construction of several educational miniparks. In the short term it proposed to alter school attendance zones so as to provide some quantum of desegregation. The district court approved this plan for the elementary schools. Plaintiffs have appealed.

The issues in the school desegregation portion of these appeals have devolved to a single question: May a school board, with judicial approval based on the school board's promise to end the dual system within three to five years by constructing three new system-wide elementary schools or elementary educational mini-parks, adopt a plan of desegregation which leaves four-

teen of nineteen elementary schools with the "racial identities they had developed under the dual system, ten schools being 90–100% white, and four 90–100% black"? (Findings of fact of the district court.)

While we wholeheartedly approve of the innovative concepts of educational parks, which in the long run will indeed end the question of black schools or white schools leaving a system with "just" schools, the laudatory purpose cannot freeze half a decade of education into a dual system's mold. The haltingly slow days of all deliberate speed have given way to the mandated duty to immediately desegregate. Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969); Carter v. West Feliciana Parish School Board, 396 U.S. 226, 90 S.Ct. 467, 24 L.Ed.2d 382 (1970); Swann v. Charlotte-Mecklenburg Board of Education, *supra*. The district court, in adopting the board's amended interim plan, has adopted a plan which rejects pairing or clustering of the central city elementary schools in favor of the promised Valhalla of educational parks. *Swann* requires that we remand this case for immediate implementation of a plan which further desegregates the Gadsden elementary schools. See United States v. Texas Education Agency (Austin Independent School District), 467 F.2d 848 (5th Cir., 1972) (en banc). The case must be reversed and remanded to the district court for further proceedings consistent with the remedy directed in Cisneros v. Corpus Christi Independent School District, 467 F.2d 142 (5th Cir., 1972) (en banc).

■ Two additional issues are raised in these appeals. The first is whether the district court erred in not granting some monetary relief to Assistant Superintendent of Schools Shaw, who had been a principal in the Gadsden school system and who lost his principalship by desegregatory consolidation when the Gadsden School Board unjustifiably re-fused to tender a principalship to him on racial grounds. The district court properly held that the school board need not now tender a principalship to Shaw, for Shaw, it found, was satisfied with his new position of Assistant Superintendent of Schools:

"Attached to the evaluation of July 31, 1972, is a letter from H. L. Shaw, in which he states he is satisfied in his present position as Assistant Superintendent of .Education of the Gadsden school system. In the hearing on August 27, 1972, he stated he was willing to keep his job if the anticipated raise in salary became effective. At the time Mr. Shaw took the assignment as superintendent his salary was raised $3000.00 per year and was greater than that of any principal's in the system. Subsequent to that time the high school principals' salaries were raised. The court assumes that the projected raise for the assistant superintendent's position has been placed into effect, and in view of Mr. Shaw's expression of satisfaction with his present position, the court finds that he is not entitled to further relief."

The district court erred in its application of the Singleton [Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir., 1970) (en banc)] standard in failing to guarantee that Shaw be placed in a position monetarily equivalent to that which he would have held but for the racial discrimination practiced against him. Lee v. Macon County Board of Education, 453 F.2d 1104, 1105 (5th Cir. 1971); Sparks v. Griffin, 460 F.2d 433 (5th Cir., 1972).

■ Appellants further ask this court to award them costs and attorneys' fees for this appeal pursuant to § 718 of the Education Amendments of 1972, P.L. 92–318. We deem appellants' prayer an appropriate subject for the district court's consideration on remand and particularly direct the district court to our

opinion in Johnson v. Combs, 471 F.2d 84 (5th Cir., 1972).[1]

The judgment of the district court is remanded for further proceedings not inconsistent herewith. No. 72–2582 contesting the disposition of a particular school building is consequently moot.

---

1. See Northcross v. Memphis Board of Education, 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973) [41 LW 3635, June 4, 1973].