**UNITED STATES of America,**
**Plaintiff-Appellant,**

**v.**

**STATE OF MISSOURI et al.,**
**Defendants-Appellees,**

**Berkeley School District et al.,**
**Defendants-Appellees,**

**Kinloch School District et al.,**
**Defendants-Appellees,**

**Ferguson Reorganized School District R II, et al., Defendants-Appellees.**

**No. 75–1434.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1975.

Decided Oct. 2, 1975.

John C. Hoyle, Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Norman C. Parker, St. Louis, Mo., and Marvin S. Wood, Clayton, Mo., for Kinloch School District.

Before MATTHES, Senior Circuit Judge, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

The sole issue in this appeal is whether the district court on our remand (515 F.2d 1365) erred in directing that "[s]tudent and faculty desegregation required

by the judgment of this Court of January 9, 1975 [388 F.Supp. 1058] shall be delayed until the commencement of the 1976–1977 school year, on or about September 1, 1976." We remand with instructions.

This litigation originated in September 1971 with the filing of a complaint by the United States of America pursuant to Title IV of the Civil Rights Act of 1964, 42 U.S.C. 2000c–6, and the Fourteenth Amendment charging that defendants had created and maintained the Kinloch School District as an all-black district, denying equal educational opportunity to its students and thereby denying them equal protection of the law. In August 1973 the district court, in a decision reported at 363 F.Supp. 739, found that "the cumulative effect of the actions of the state and local defendants has been the creation, operation, support, and general supervision by the State of Missouri of a small school district which is unconstitutionally segregated and whose students are denied an equal educational opportunity." 363 F.Supp. at 749. The court ordered "the state and other defendants to develop and implement a plan which will 'achieve the greatest possible degree of actual desegregation, taking into account the practicalities of that situation.'" 363 F.Supp. at 750 (citations omitted).

After considering proposed desegregation plans submitted by the parties, the court found that a three-district plan submitted by the State and St. Louis County Boards of Education "is the least disruptive alternative which is educationally sound, administratively feasible, and which promises to achieve at least the minimum amount of desegregation that is constitutionally required." 388 F.Supp. at 1058–59.

The district court's judgment provided, among other things, that the Kinloch and Berkeley school districts be annexed to the Ferguson reorganized school district as of February 1, 1975, and ordered that student and faculty desegregation be implemented at the beginning of the 1975–76 school year. 388 F.Supp. at 1061.

On May 14, 1975, this court en banc, in an opinion reported at 515 F.2d 1365, affirmed the district court's decision "except with respect to the maximum tax rate which shall be no higher than that of the annexing district, which is $5.38 per hundred. Upon remand, the court is empowered to fix new dates for accomplishment of the annexation and make other adjustments in accordance therewith." 515 F.2d at 1373.

On remand the district court, in an order dated June 7, 1975, directed that student and faculty desegregation required by its previous judgment be delayed until the commencement of the 1976–77 school year.

On June 13, 1975, the United States filed notice of appeal and moved for summary reversal of the district court insofar as that order delayed student and faculty desegregation from the beginning of the 1975–76 school year until the beginning of the 1976–77 school year. We denied the government's motion for summary reversal but established an expedited briefing schedule and directed the parties to include in their briefs a discussion of the following: "Justification (or lack thereof) for (1) the delay in integration of students, (2) the delay in integration of faculty, and (3) the immediate increase in the tax rate in the district without significant integration of students and faculty and other benefits related thereto."

The United States contends that no extraordinary circumstances that could justify delay in implementing desegregation have been shown in this case[1] and

---

1. The government also points out that it is difficult for it to respond to this court's inquiries concerning the justification for delay in integration of students and faculty and the immediate increase in the tax rate because the district court without explanation delayed desegregation for one year. No hearings were held or evidence taken regarding the need for delay in implementing the desegregation ordered in January 1975. Appellees respond that although no formal hearings were held, extensive conferences were held, attended by government counsel and all other parties; further, that the only conduct on the part of the

that further delay is no longer constitutionally permissible. *Alexander v. Holmes County Board of Education,* 396 U.S. 19, 20, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969); *Carter v. West Feliciana Parish School Board,* 396 U.S. 226, 90 S.Ct. 496, 24 L.Ed.2d 461 (1969); *Dowell v. Board of Education,* 396 U.S. 269, 90 S.Ct. 415, 24 L.Ed.2d 414 (1969); *Christian v. Board of Education,* 440 F.2d 608 (8th Cir. 1971). The government urges that we reverse that part of the order which delays implementation of effective desegregation until the beginning of the 1976–77 school year and that we direct that implementation of the desegregation plan be required no later than the beginning of the second semester of the 1975–76 school year.

Appellees, Ferguson Reorganized School District R II and Berkeley School District, urge that we affirm the district court's order of June 7, 1975. They contend that (1) the order is in full compliance with our opinion and mandate; (2) there is no delay in carrying out the district court's order of annexation as speedily as the circumstances permit; and (3) the Equal Educational Opportunity Act of 1974 prohibits transportation of students during the academic year 1975–76 and then only after all appeals have been exhausted.

We are persuaded that the representations made by appellees with respect to the steps that have been taken and that are being taken to implement fully the desegregation plan should govern our present action herein.

Appellees point out that this is not a single-district case; there are many more complications involved in the amalgamation of three separate heretofore autonomous districts. Further, the district court acted promptly upon receipt of our mandate:

(1) By ordering the immediate annexation of Berkeley School District and Kinloch School District by the Ferguson Reorganized School District R II;

(2) Berkeley and Kinloch were directed to deliver all property, records, books and papers and transfer all funds to the reorganized district by June 30, 1975;

(3) Berkeley and Kinloch were prohibited from hiring any new employees or entering into any new contracts or obligations (except with respect to further appeals they might elect to take);

(4) Designation of new school board members was to be reported to the court on or before June 30, 1975;

(5) The 1975 school tax levy was set at a rate no higher than $5.38;

(6) Administration of the reorganized district in 1975–76 was directed to include the present superintendent of Ferguson, with the superintendents of Berkeley and Kinloch serving as assistant superintendents;

(7) Defendants were ordered to commence immediately all actions necessary to plan for successful student and faculty desegregation, including the establishment of a biracial committee pursuant to the provisions of the Revised Plan; the establishment of in-service training programs to prepare administrators, teachers, board members, students and the community for desegregation; the implementation of the community education requirements of the revised plan; the development of non-discriminatory regulations and procedures concerning student discipline; and the development of nonracial objective faculty evaluation criteria, required by *Singleton v. Jackson Municipal Separate School District,* 419 F.2d 1211 (5th Cir. 1970); further, that the biracial advisory committee shall actively participate in these efforts and shall be assigned such other duties by the school board as may be necessary to prepare for effective desegregation;

government indicating a negative attitude toward the order was at the time it was signed when counsel for the government indicated he could not bind the Department of Justice and may have added, "We may appeal." Government counsel maintains that he made known the government's view that the plan ought to be implemented with the beginning of the fall (1975–76) term.

(8) The Court retained jurisdiction to insure effective implementation of desegregation and to enter such further orders from time to time as it deemed necessary.

During the course of oral argument, counsel for the Ferguson Reorganized School District R II advised us that since entry of the district court's order of June 7, 1975, the following has been accomplished:

(1) The annexation has been completed as directed—the new boundaries were fixed;

(2) As of July 1, 1975, the new school board was organized as directed, with one member each from Kinloch and Berkeley, and it is functioning;

(3) Additional buses required (17) have been ordered;

(4) The biracial committee has been appointed, confirmed and ratified by the district judge;

(5) The administrative staff has already been completely merged;

(6) Various programs formerly not available to Kinloch are open to them now; i. e., audio-visual presentations, swimming classes, and preschool courses;

(7) Teacher orientation programs are in the process of being carried out;

(8) Student orientation programs are planned for next semester;

(9) Four new teachers have been assigned to Kinloch commencing with the present 1975–76 term, and the services of some 20 curriculum consultants have been made available;

(10) Every reasonable effort is being made to bring the educational program in Kinloch up to the level in Berkeley and Ferguson—the money being spent in Kinloch this year will be several hundred thousand dollars more than Kinloch had in its budget last year;

(11) The school board and other officials concerned recognize they must plan now in order to make desegregation completely effective by the beginning of the 1976–77 school year;

(12) The order of January 9, 1975, required the school authorities to make a progress report on or before October 15, 1975, with respect to the accomplishment of desegregation. This report, although formerly geared to desegregation of students and teachers beginning with the 1975–76 school year, will now cover the steps that have been taken to raise immediately the level of the educational program at Kinloch as well as accomplish the complete desegregation of the reorganized district commencing with the beginning of the school year 1976–77. It will include, among other things, the matters mentioned above.

We conclude that this court should refrain from taking any further action in this case pending the filing of the October 15, 1975, progress report by the reorganized school district. The district court shall grant all parties a reasonable length of time in which to respond to the report, hold hearings if necessary, and make such further orders deemed appropriate to equalizing the level of the educational program at Kinloch and accomplishing complete student and faculty desegregation commencing with the beginning of the school year 1976–77. The district court, in order to insure that there is no delay in the full and timely implementation of the desegregation plan, is directed to require additional periodic reports prior to June 1, 1976.[2]

Remanded for further action consistent with this opinion.

---

2. Under explicit holdings of the Supreme Court, it is the obligation of every school district to terminate dual school systems at once. Delays pending appeals, absent extraordinary circumstances, will not be tolerated. *Alexander v. Holmes County Board of Education*, 390 U.S. 19, 96 S.Ct. 29, 24 L.Ed.2d 19 (1969); *Carter v. West Feliciana Parish School Board*, 396 U.S. 226, 90 S.Ct. 496, 24 L.Ed.2d 461 (1969). Nothing in the Equal Educational Opportunity Act of 1974, 20 U.S.C. § 1701 et seq., prohibits full and complete implementation of the desegregation plan by the beginning of the academic year 1976–77. *See Swann v. Board of Education*, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971); *Drummond v. Acree*, 409 U.S. 1228, 93 S.Ct. 18, 34 L.Ed.2d 33 (1972) (Powell, J., in chambers).