Alvin J. SYREK, Jr., et al., Appellants,

v.

## PENNSYLVANIA AIR NATIONAL GUARD et al.

### Nos. 75-2118 and 76-1316.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) March 23, 1976.

Resubmitted Before Original Panel
June 30, 1976.

Decided July 16, 1976.

John R. Cook, Fine, Perlow & Stone, Pittsburgh, Pa., for appellants.

Blair A. Griffith, U.S. Atty., James A. Villanova, Asst. U.S. Atty., Pittsburgh, Pa., for appellees.

Before SEITZ, Chief Judge, and ROSENN and GARTH, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Plaintiffs are employees of the Pennsylvania National Guard (Guard) who sued the Guard and several of its officers for violating their constitutionally protected liberty by requiring adherence to a regulation governing hair length. Plaintiffs brought their action under 42 U.S.C. §§ 1983, 1985 and 1986, seeking a declaratory judgment, injunctive relief and damages.

The district court, after trial, dismissed plaintiffs' complaint for failure to state a claim based on its belief that our decision in *Zeller v. Donegal School District Board,* 517 F.2d 600 (3d Cir. 1975), filed after the trial, so required. Plaintiffs appealed.

Plaintiffs are civilian technicians employed by the Guard pursuant to 32 U.S.C. § 709. As such they occupy a dual role: during the week they work as civilians; one week-end a month they drill with the Guard. Even while in civilian status, plaintiffs are required to comply with the regulation[1] promulgating hair standards (Pa. Air National Guard Regulation 40–01, Paragraph 2–5). Plaintiffs' allegations tacitly admit violations of the regulation.

1. "Hair. Hair will be neat, clean, trimmed, and present a groomed appearance. Hair will not touch the ears or the collar except the closely cut hair on the back of the neck. It will present a tapered appearance. Hair in front will be groomed so that it does not fall below the eyebrows and will not protrude below the band of properly worn headgear. In no case

Plaintiffs' complaint alleged, inter alia, that "the length or style of plaintiffs' hair had no reasonable relation to the requirements of their employment nor to the responsibilities of the persons and institutions by whom they were employed." They further alleged that "[n]o matter relating to the length and style of plaintiffs' hair would materially and substantially interfere with the duties and responsibilities of the persons and institutions by whom the plaintiffs were employed."

■ We are confronted at the outset with the issue as to whether the claim in this case implicates some constitutional provisions which would permit the plaintiffs to invoke the jurisdiction of the federal courts. In this regard a majority of the Supreme Court in *Kelley v. Johnson*, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708, 44 U.S.L.W. 4469 (1976), was willing to do no more than assume for purposes of that case that "the citizenry at large has some sort of 'liberty' inherent within the Fourteenth Amendment in matters of personal appearance." Thus, it is still uncertain whether the Supreme Court will conclude that the Constitution provides protection against state "regulation" of personal appearance in any specific context. However, contrary to the district court's understanding, a majority of this court in *Zeller* held that state regulation of hair length could constitute an invasion of constitutionally protected "liberty".[2] Consequently, unless and until we are instructed by the Supreme Court to the contrary we shall continue to adhere to that view. Accordingly, we believe plaintiffs' complaint has sufficiently alleged a deprivation, under color of state law, of a constitutional right to warrant the invocation of federal jurisdiction pursuant to 28 U.S.C. § 1343.

will the bulk or length of the hair interfere with the proper wear of any Air Force headgear. The acceptability of a member's hair style will be based upon the criteria in this paragraph and not upon the style in which he chooses to wear his hair."

**2.** Judge Garth while recognizing that he is bound by the majority position of this Court in

The issue then is whether plaintiffs, as civilian employees of the Guard, are entitled to relief on the merits under any circumstances. The parties are in disagreement as to the controlling effect of *Kelley* in this case. Plaintiffs say that it is not decisive, particularly as to their week day civilian work. Defendants argue to the contrary, especially referring to the distinction drawn in *Kelley* between regulations applied to the citizenry in general and those directed to state employees. We have concluded that the resolution of this and other contentions, such as burden of proof, is best left to the district court in the first instance because it will have the benefit of a complete record of the proceedings.

The order of the district court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Zeller v. Donegal School District Board of Education,* supra, nevertheless expresses his disagreement with the proposition that hair length implicates basic constitutional values, and therefore he continues to adhere to the views expressed by Judge Aldisert of this Court in *Zeller.*