650 F.2d 608
 27 Fair Empl.Prac.Cas. 1124,
28 Empl. Prac. Dec. P 32,412,
8 Fed. R. Evid. Serv. 1107
Anthony T. LEE, et al., Plaintiffs,
National Education Association, Inc., Intervenor-Appellant,
v.
MACON COUNTY BOARD OF EDUCATION, etc., et al., Defendants-Appellees.
 No. 79-3317.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 July 13, 1981.
 Gray, Seay & Langford, W. Troy Massey, Montgomery, Ala., for intervenor-appellant.
 Phelps, Owens & Jenkins, Sam M. Phelps, Eugene A. Beatty, Tuscaloosa, Ala., for Tuscaloosa City School System.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before GODBOLD, Chief Judge, MORGAN and HENDERSON, Circuit Judges.
 GODBOLD, Chief Judge:
 
 
 1
 This case involves a claim by Oscar Tucker, a black person, that the Tuscaloosa (Alabama) City School System was guilty of racial discrimination when it failed to appoint him as principal of Tuscaloosa Junior High School for the 1979-80 school year, in violation of his constitutional and statutory rights and the general commands of Singleton v. Jackson Municipal Separate School District.[1]
 
 
 2
 The dispute arises out of a desegregation plan approved by the district court, which involved consolidation of a predominantly black and a predominantly white high school into a single high school with two campuses, establishment of paired single-grade junior high schools, and a number of promotions and transfers of staff and faculty. Tuscaloosa Junior is one of the new paired single-grade junior high schools, serving all seventh grade pupils in the system. The facts are very complex and it would serve no useful purpose to restate all of them here. We have painstakingly examined the record, because the district court saw this as a close case and we do also.[2] Assuming that plaintiff made out a prima facie case, we cannot say that the district court erred when it found that there was sufficient evidence to conclude that the school board satisfactorily explained its choice to promote a white, Lightsey, to principal rather than Tucker. The root of plaintiff's case is that the district court could not properly reach this conclusion because he was clearly better qualified than Lightsey.
 
 
 3
 The record does not bear out the argument that Tucker is clearly better qualified that Lightsey. Lightsey received his bachelor's and master's degrees in education. Tucker received a bachelor's and master's in chemistry and is working on a Ph.D. in education. Lightsey is certified as a principal and can teach the seventh grade. Tucker is certified as a principal but cannot teach the seventh grade. Both were assistant principals at the same (predominantly black) high school. In Tuscaloosa Lightsey taught mostly elementary grades. Tucker taught mostly high school science. Each has experience as assistant principal. Superintendent Ingram testified that Tucker had done a good job as high school assistant principal and was qualified to be principal at Tuscaloosa Junior.
 
 
 4
 Tucker has many more years experience as an educator than has Lightsey; he has been out of school nearly 30 years while Lightsey is just short of 30 years old. But Tucker's experience in a city system did not begin until 1965 and for two years thereafter he was on leave of absence. Ingram, who recommends to the Board replacements for vacancies, testified that in considering experience he focused upon experience within the Tuscaloosa system. He placed great emphasis on the level of students to which each person considered has been assigned. He cited Lightsey's expressed interest in children of the age group attending Tuscaloosa Junior and the fact that his training pointed to that age group. In three of the five years preceding his appointment Lightsey taught sixth grade in the Tuscaloosa system. As previously noted, most of Tucker's experience in Tuscaloosa has been teaching high school science.
 
 
 5
 Other evidence also supports the trial court's conclusion that the Board's appointment of Lightsey was based upon permissible criteria. The promotion that, by a domino effect, caused the vacancy that Tucker sought was itself created by promotion of a black principal to a supervisory position in the system. Second, Tucker himself testified that he believed that Superintendent Ingram is a fair person and that Ingram did not discriminate against him personally. Tucker believed that discrimination against him resulted from a tacit effort to prevent white flight by appointing as many white principals as possible, but his belief was not substantially corroborated. Finally, two of the seven Board members are black, and the superintendent testified that Lightsey's appointment was made by unanimous vote.
 
 
 6
 Based on this evidence we cannot say that the trial court erred in finding that the appointment of Lightsey at Tuscaloosa Junior was not made on the basis of race. Both its subsidiary findings and its ultimate finding of non-discriminatory appointment are adequately supported by the record.
 
 
 7
 Tucker also maintains that it was reversible error for the trial court, after objection, to refuse to allow his counsel to interrogate Ingram regarding why he concluded that Lightsey was more qualified that Erin Sledge (another black considered for the principalship). The response would have been relevant to Ingram's intent in not recommending Sledge to the Board, but only remotely relevant to Ingram's intent in failing to recommend that Tucker be appointed principal at Tuscaloosa Junior. It could have buttressed Plaintiff's case only little. The exclusion of the testimony was not reversible error. Tucker's counsel called Sledge and two other black educators as witnesses and explored their competence. The trial court imposed no impediments to this methodology. Moreover, it was the Board that appointed Lightsey, and there was no evidence that it merely rubber stamped Ingram's recommendations. The motivations of the Board could not have been gleaned by the intended line of inquiry. There was no abuse of the discretion given the trial court under Federal Rules of Evidence 403.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 419 F.2d 1211 (5th Cir.) (en banc), modified in part on other grounds sub nom. Carter v. Feliciana Parish School Board, 396 U.S. 226, 90 S.Ct. 467, 24 L.Ed.2d 382 (Black, Circuit Justice, 1969), rev'd in part on other grounds sub nom. Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970), cert. denied sub nom. West Feliciana Parish School Board v. Carter, 396 U.S. 1032, 90 S.Ct. 611, 24 L.Ed.2d 530 (1970)
 
 
 [2]
 The system has been before this court at least twice previously. Lee v. Macon County, 429 F.2d 1218, 1219 (5th Cir. 1970); Lee v. Tuscaloosa City System, 576 F.2d 39 (5th Cir. 1978) (remanded to the district court to fashion a remedy to alleviate racially identifiable schools)